UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Juan Rivera, an individual; Ana Rivera, an individual; and Joanna Rivera, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>Allstate Indemnity Company,<br><br>Defendant. | Case No. 5:20-cv-01860-MCS-KK<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [33]** |

Defendant Allstate Indemnity Company moves for summary judgment on the bad faith and declaratory judgment claims brought forth by Plaintiffs Juan Rivera, Ana Rivera, and Joanna Rivera's Complaint. (Mot., ECF No. 33.) Plaintiffs oppose the motion, and Defendant filed a reply. (Opp'n, ECF No. 39; Reply, ECF No. 40.)[1] After briefing on the motion concluded, the parties stipulated to a dismissal of the bad faith claim without prejudice. (Stip., ECF No. 51.)[2] The Court deems the motion appropriate

---

[1] In the interest of justice, the Court has considered Plaintiffs' late opposition papers. *See* C.D. Cal. R. 7-12 ("A motion [for summary judgment] may not be granted solely based on the failure to file an opposition.").

[2] The stipulation was effective without a court order. Fed. R. Civ. P. 41(a)(1)(A)(ii); *see*

for decision without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15.

**I.    BACKGROUND**

Plaintiffs initiated this case in state court alleging claims for bad faith and declaratory relief. (*See generally* Compl., ECF No. 1-1.) Defendant removed the case to this Court based on diversity jurisdiction on September 10, 2021. (*Id.*)

Plaintiffs were involved in a serious accident on February 7, 2014, while driving on the 15 freeway through an unincorporated city in the County of San Bernardino. (Compl. ¶ 9.) They were driving in the vehicle when they encountered a fully sized tire, with the rim inside of it, placed in the middle of their lane. (*Id.*) They did not have the opportunity to avoid running over the tire and ran over it. (*Id.*) Running over the tire caused them to lose control of their truck, spin out of control, and collide into a metal guardrail and the concrete wall. (*Id.*)

Plaintiffs' Complaint asserts that Plaintiffs had an automobile insurance policy with Defendant, which read in relevant part that the policy provided coverage for injuries caused by the "negligence of uninsured motorists." (Compl. ¶¶ 7–8.) Defendant agreed to pay damages for insureds that are "legally entitled to recover from the owner or operator of an uninsured auto" and that "[b]odily injury must be caused by accident and arise out of the ownership, maintenance or use of an uninsured auto." (*Id.* ¶ 8.) An uninsured motor vehicle includes "an uninsured motor vehicle which has liability protection in effect and applicable at the time of the accident but less than the applicable damages the insured person is legally entitled to recover." (*Id.*) "The limit of liability under the uninsured motorist coverage was $25,000 for each person and $50,000 for each accident." (*Id.*)

Plaintiffs assert they are legally entitled to recover damages up to the $50,000 policy limit. (*Id.* ¶¶ 20–21.) The parties dispute whether Defendant owes Plaintiffs the sum under the policy. (*Id.* ¶¶ 22–24).

---

*Com. Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1077–78 (9th Cir. 1999).

2

## II. LEGAL STANDARD

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). A fact is material when, under the governing law, the resolution of that fact might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The burden of establishing the absence of a genuine issue of material fact lies with the moving party, *see Celotex*, 477 U.S. at 322–23, and the court must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party, *Scott v. Harris*, 550 U.S. 372, 378 (2007). To meet its burden, "[t]he moving party may produce evidence negating an essential element of the nonmoving party's case, or, after suitable discovery, the moving party may show that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1106 (9th Cir. 2000). Once the moving party satisfies its burden, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). There is no genuine issue for trial where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party. *Id.* at 587.

## III. DISCUSSION

Juan and Ana Rivera's police report statements, along with another witness's statements, all provide that Plaintiffs ran into a car tire in the vehicle lane. (*See* Ex. 19, at 10–11, ECF No. 34-19.) Juan Rivera also stated that no other vehicles were involved in the accident. (*Id.* at 10.) The Riveras, however, have since admitted that they initially told Defendant that the tire they struck "came off an unidentified truck when the truck went out of control" and "that other vehicles hit the tire as well and were injured."

(Macarr Decl. Ex. 17, at 2, ECF No. 34-17 (Defendant's Request for Admission Nos. 8–9).) Plaintiffs dispute these admissions, claiming that they call for speculation and that Juan Rivera's declaration controverts the admissions. (Plaintiffs' Genuine Disputes to SUF ("PGD") ¶¶ 14–15, ECF No. 39-3; Juan Rivera Decl. ¶¶ 2–3, ECF No. 28-4 (stating Rivera "never said [he] knew where the tire came from" and that, when asked where it came from, he "responded [that he did not know] and gave scenarios of where the tire could have come from without any basis").) But Magistrate Judge Kenly Kiya Kato granted Defendant's motion to compel and deemed Plaintiffs to have admitted these facts. (Order Granting Def.'s Mot. to Compel Pls.' Resps. to Disc., ECF No. 21.) Plaintiffs cannot controvert their admissions. These contradicting statements indicate, as argued by Defendant, that the Riveras made false statements to Defendant about what happened for some undisclosed reason (i.e., to avoid embarrassment or to qualify for uninsured motorist benefits, etc.). (Mot. 19–20.) Regardless of the reason, it is undisputed that Plaintiffs' Policy reads:

> "This policy will not apply to any claim in which an insured person has concealed or misrepresented a material fact or circumstance."

(PGD ¶ 6.)

The parties apply California law to the policy. (*E.g.*, Mot. 14; Opp'n 4; Reply 3.) "Under California law, a party may rescind an insurance contract if the other party made representations 'false in a material point.'" *W. World Ins. Co. v. Prof. Collection Consultants*, 721 F. App'x 621, 622 (9th Cir. 2018) (quoting Cal. Ins. Code § 359). "A fraud or concealment clause voids a policy if a material misrepresentation is 'knowingly and willfully made, with intent to deceive the insurer.'" *Herbert v. State Farm Mut. Auto. Ins. Co.*, 362 F. App'x 748, 749 (9th Cir. 2010) (quoting *Cummings v. Fire Ins. Exch.*, 202 Cal. App. 3d 1407, 1416 (1988)). "[A] question and answer are material when they relate to the insured's duty to give the insurer all the information he has as well as other sources of information so that the insurer can make a determination of its

obligations." *Cummings*, 202 Cal. App. 3d at 1416. Here, no reasonable juror could conclude that Plaintiffs' misstatements are immaterial. Plaintiffs' claims that the tire fell off of a truck that lost control and that other cars hit the tire are both statements that could have helped Defendant determine its obligations to them. Likewise, there is no triable issue that these statements were willfully and knowingly made, as the Riveras filed the insurance claim of their own volition, and the misrepresentation was about the primary cause of the entire accident. No reasonable juror could find that such a statement could be an honest mistake, and the Riveras have not otherwise addressed the fact that they made these admissions (apart from simply attempting to distinguish these admissions from the statements made in their declarations and depositions). (*See* Opp'n 6.) However, as stated *supra*, the Magistrate Judge found that the Riveras waived objections to these admissions as far back as June 30, 2021—long before the operative motion was filed. (*See* ECF No. 21.) Indeed, "intent to defraud the insurer is necessarily implied when the misrepresentation is material and the insured willfully makes it with knowledge of its falsity." *Morris v. Allstate Ins. Co.*, 16 F. Supp. 3d 1095, 1100–01 (C.D. Cal. 2014) (citing *Cummings*, 202 Cal. App. 3d at 1418) (finding that plaintiffs effectively conceded that they willingly made a representation knowing that it was false when they failed to address or explain it in their opposition). Thus, the Court finds that the uncontroverted facts demonstrate the insurance policy is void for misrepresentation.

Thus, the motion is **GRANTED**. These admitted statements violate the policy and bar recovery. Because this conclusion disposes of Plaintiffs' remaining declaratory judgment claim, the Court declines to consider Defendant's other arguments supporting summary judgment.

///

## IV.   CONCLUSION

The Court grants the motion for summary judgment. Plaintiffs' claim for declaratory judgment is dismissed with prejudice. The Court directs the Clerk to enter judgment and close the case.

**IT IS SO ORDERED.**

Dated: November 15, 2021

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE